[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2009
THOMAS K. KAHN
CLERK

No. 09-10425
Non-Argument Calendar

_____

D. C. Docket No. 08-10069-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MARTINEZ-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 16, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Martinez-Garcia appeals the reasonableness of his 36-month sentence imposed for conspiracy to encourage and induce aliens to enter the United States, 8 U.S.C. § 1324(a)(1)(A)(v)(I). No reversible error has been shown; we affirm.[1]

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008), cert. denied, 129 S.Ct. 2848 (2009). A sentence may be procedurally unreasonable if the district court fails to consider the appropriate statutory factors or explain adequately the chosen sentence. Id. We evaluate the substantive reasonableness of a sentence, whether inside or outside the guidelines range, under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and

---

[1]Martinez-Garcia's sentence was twice the high end of the applicable 12-to-18-month guidelines range.

protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Martinez-Garcia's sentence is reasonable. Although his 36-month sentence varied upward from the top of the advisory guidelines range by 18 months, the sentence was well below the 10-year statutory maximum he faced. See 8 U.S.C. § 1324(a)(1)(B)(i); United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance and observing that the ultimate sentence was appreciably below the statutory maximum). In addition, the district court explained that it considered the section 3553(a) factors and that a sentence above the guidelines range was appropriate in Martinez-Garcia's case. The sentencing court specifically noted that (1) Martinez-Garcia committed the instant alien smuggling offense only 14 months after illegally entering the United States; (2) the boat containing the 11 illegal aliens contained an excessive amount of fuel, creating a dangerous situation; and (3) alien smuggling compromises the security of the United States and impacts negatively on the United States Coast Guard's ability to perform other vital duties. The court also noted the importance of deterring Martinez-Garcia and protecting the public from further crimes by him. See 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

Martinez-Garcia argues that the district court based its sentencing decision on its own views about the seriousness of the offense and not on Martinez-Garcia's acts in the offense.[2]  But, that the court considered both Martinez-Garcia's acts (including his illegal entry into the United States) in addition to the seriousness of the offense, is clear. Both factors were relevant considerations.  And "[t]he weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and citation omitted).

Martinez-Garcia also argues that the court failed to consider the need to avoid unwarranted sentencing disparities between similarly-situated defendants because other alien-smuggling defendants sentenced by the same judge on the same day as he received within-range sentences.  But the "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges"; so, a district court necessarily gives weight and consideration to the need to avoid unwarranted disparities when it correctly

---

[2]Martinez-Garcia also contends that the court impermissibly based its sentence on the need to deter the local community.  But nothing indicates that the court based its sentence on such reasoning: instead, the court noted the need to deter Martinez-Garcia and to protect the community from further crimes by him.

calculates and carefully reviews the guidelines range. See Gall, 128 S.Ct. at 599.[3] We must give due deference to the district court's determination that Martinez-Garcia's history and characteristics, the nature and seriousness of his offense, and the need for deterrence warranted the extent of the variance here. See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008); Gall, 128 S.Ct. at 597 (explaining that a sentencing judge "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance").

Based on the evidence in the record, we conclude that Martinez-Garcia's sentence was reasonable and that the district court adequately justified its upwardly variant sentence. Although Martinez-Garcia disagrees with the district court's assessment of several of the section 3553(a) factors, we -- on this record -- cannot say that the court's careful consideration of the factors and its conclusion were unreasonable.

AFFIRMED.

---

[3]Moreover, the sentencing court was aware of the need to avoid unwarranted disparities as evidenced by its comment that Martinez-Garcia's sentence was substantially smaller than the sentence imposed on his codefendant. And when sentencing other alien-smuggling defendants, the court expressly distinguished their circumstances from other defendants sentenced earlier that day for similar offenses.